UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8328 PA (ASx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | Natasha Beckett v. Bank of America, N.A. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Charles Rojas | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Bank of America, N.A. ("BofA") (Docket No. 12). BofA challenges the sufficiency of the Complaint filed by plaintiff Natasha Beckett ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 8, 2018, is vacated, and the matter taken off calendar.

Plaintiff filed this action on November 15, 2017. In her Complaint, Plaintiff alleges that she obtained a home loan from BofA in August 2006. According to the Complaint, Plaintiff began experiencing financial hardship and requested from BofA a modification to her loan under the Home Affordable Modification Program ("HAMP") in June 2009. Plaintiff alleges that between 2009 and 2011, BofA's representatives made false statements to her concerning her HAMP application, including advice that she intentionally skip mortgage payments, concerning the status of her HAMP application, and the necessity of property inspection fees from 2007 through 2010. The Complaint alleges that Plaintiff received a Notice of Foreclosure from BofA in August 2010, and that she conducted a short sale of her home in January 2011.

Plaintiff's Complaint alleges a single claim for fraud. In support of that claim, the Complaint alleges that various former employees of BofA have signed declarations outlining a fraudulent scheme involving BofA's involvement in the HAMP program. Some of those declarations were signed in 2013 and filed in support of multi-district litigation ("MDL") filed in 2011 in which BofA was alleged to have defrauded those who applied for HAMP modifications. According to an order issued by the MDL court in September 2013, which is attached as an exhibit to the Complaint, the MDL court denied class certification of claims such as those now brought by Plaintiff. In addition to the existence of the MDL, the Complaint also contains allegations concerning litigation commenced by the Federal Government in 2011 arising out of BofA's participation in the HAMP program. According to the Complaint, that litigation was resolved through a settlement in August 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8328 PA (ASx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | Natasha Beckett v. Bank of America, N.A. | | |

In its Motion to Dismiss, BofA contends that Plaintiff's claim is barred by California's three-year statute of limitations for fraud. See Cal. Code Civ. Proc. § 338(d). In her Opposition to the Motion to Dismiss, Plaintiff asserts that her claim is timely because the Complaint's allegations do not foreclose the possibility that she did not discover BofA's alleged fraudulent conduct until sometime within the three years prior to her filing of this action.

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8328 PA (ASx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | Natasha Beckett v. Bank of America, N.A. | | |

framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

California's statute of limitations for claims sounding in fraud is three years. See Cal. Code Civ. Proc. 338(d). Under California law, "[t]he limitations period, the period in which a plaintiff must bring suit or be barred, runs from the moment a claim accrues." Aryeh v. Canon Business Solutions, Inc., 55 Cal. 4th 1185, 1191, 151 Cal. Rptr. 3d 827, 831-32 (2013). In her Opposition, Plaintiff contends that despite filing this action more than seven years after receiving the Notice of Foreclosure from BofA and more than six years after selling her home in a short sale, her claims are not barred by the statute of limitations because the "statue of limitations does not begin running until [the fraud] is discovered by Plaintiff" and the declarations from former BofA employees indicate that BofA concealed the alleged fraud from Plaintiff.

Plaintiff's reliance on California's discovery rule to resurrect her otherwise stale claim is unavailing. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." See Norgart v. Upjohn Co., 21 Cal. 4th 383, 397, 87 Cal. Rptr. 2d 453, 463 (1999). Here, Plaintiff had "reason to discover" her cause of action by no later than January 2011 when she completed the short sale of her home:

> [T]he plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof — when, simply put, he at least suspects that someone has done something wrong to him, "wrong" being used, not in any technical sense, but rather in accordance with its "lay understanding." He has reason to discover the cause of action when he has reason at least to suspect a factual basis for its elements. He has reason to suspect when he has notice or information of circumstances to put a reasonable person on inquiry; he need not know the specific facts necessary to establish the cause of action; rather, he may seek to learn such facts through the process contemplated by pretrial discovery; but, within the applicable limitations period, he must indeed seek to learn the facts necessary to bring the cause of action in the first place — he cannot wait for them

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8328 PA (ASx) | Date | December 22, 2017 |
|---|---|---|---|
| Title | Natasha Beckett v. Bank of America, N.A. | | |

> to find him and sit on his rights; he must go find them himself if he can and file suit if he does.

Id. at 397-98, 87 Cal. Rptr. at 463-64 (internal citations and quotation marks omitted).

Nor do the declarations signed by former BofA employees revive Plaintiff's stale claim. Those declarations were submitted in the MDL proceedings in 2013. Like Plaintiff's short sale, the MDL court's ruling denying class certification of claims such as Plaintiff's in September 2013 gave Plaintiff "reason to discover" her claim. "In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 809, 27 Cal. Rptr. 3d 661, 669 (2005). Plaintiff has alleged no facts in her Complaint that meet her burden to plead that despite a diligent investigation, she could not have discovered the facts alleged in the MDL and the litigation commenced by the Federal Government she references in her Complaint. That litigation was resolved through a publicly-disclosed settlement more than three years prior to Plaintiff's filing of her Complaint. Therefore, even the fact of that litigation, as alleged in the Complaint, establishes that Plaintiff's claim is barred by the applicable statute of limitations and pleads facts that prevent the application of the discovery rule.

Plaintiff's Opposition does not allege any additional facts that would support the application of the discovery rule, and Plaintiff has not requested leave to amend to allege any additional facts. The Court therefore concludes that it would be futile to allow Plaintiff leave to amend to attempt to avoid application of the statute of limitations that renders her claim time-barred.

For all of the foregoing reasons, the Court concludes that Plaintiff's claim is barred by the applicable statute of limitations. The Court therefore grants BofA's Motion to Dismiss. Because amendment would be futile, the Court dismisses this action with prejudice. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.