AYLSTOCK, WITKIN, KREIS, &
OVERHOLTZ, PLLC
SIN-TING MARY LIU (CA SBN 282884)
mliu@awkolaw.com
875-A Island Drive #144
Alameda, CA 94502
Phone: 510-698-9566
Fax: 760-304-8933

Attorney for Plaintiff Natasha Beckett

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| **NATASHA BECKETT**,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**BANK OF AMERICA, N.A.**,<br><br>　　　　Defendant. | Case No.: 2:17-cv-08328-PA-AS<br><br>**NATASHA BECKETT'S MOTION TO REQUEST RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

TO DEFENDANT, ALL PARITES, AND THEIR ATTORNEYS

PLEASE TAKE NOTICE that on February 12, 2018 at 1:30 PM or as soon thereafter as the matter maybe heard, in Courtroom 9A of the above-entitled Court, located at 350 W.1st Street, Courtroom 9A, 9th Floor, Los Angeles, California 90012, Plaintiff Natasha Beckett, will and hereby does, requests the Court to reconsider the Order of dismissal entered on December 22, 2017 granting the Defendant's Motion to Dismiss.

This response is based on the attached memorandum of points and authorities, the complaint, and all other pleadings and records on file in this action, and upon such other argument as maybe presented at the hearing on this motion.

DATED: January 11, 2018         Respectfully submitted,

                                              AYLSTOCK, WITKIN, KREIS, &

                                              OVERHOLTZ, PLLC

                                              <u>By: s/ Sin-Ting Mary Liu</u>
                                              SIN-TING MARY LIU, Bar No. 282884

                                              ATTORNEY FOR PLAINTIFF

# **TABLE OF CONTENTS**

PAGE

INTRODUCTION……………………………………………………..…….. 6

MEMORANDUM OF POINTS AND AUTHORITIES………………..…. 8

a. **The statute of limitations began to accrue when Beckett discovered BOA's fraudulent behavior, not when she suffered damages**..……………… 8

b. **Dismissal on statute of limitations grounds is inappropriate where any reasonable interpretation of the allegations on the face of the Complaint results in the timeliness of the claim**. ………………..…………………. 12

c. **In the alternative, Beckett should be given the opportunity to amend her complaint to allege additional facts supporting the discovery rule.** …. 14

CONCLUSION…………………………………………………………….… 15

# **TABLE OF AUTHORITIES**

**PAGE**

Code Civ. Proc., § 338(d)……………………………………………………… 8, 10

*Adobe Systems Inc. v. Christenson, No. 2:10–cv–00422–LRH–GWF, 2011 WL 540278, *2 (D. Nev. Feb. 7, 2011)* …………………………………………….. 13

*Amacker v. Bank of Am.*, 2014 WL 4771668, at *4 (N.D. Cal. Sept. 24, 2014)… 11

*California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1407 (9th Cir. 1995))…13

*Cont'l Cas. Co. v. Recology Inc., 2016 WL 310270, at *4 (N.D. Cal. Jan. 26, 2016).* …………………………………………………………………………   12

*Darringer v. Intuitive Surgical, Inc.*, No. 5:15-CV-00300-RMW, 2015 WL 6735333, at *2 (N.D. Cal. Nov. 4, 2015) ………………………………… 8, 9, 10

*Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)…*14

*F.D.I.C. v. Varrasso, No. CV 11–2628 WBS CKD, 2012 WL 219046, *7 (E.D. Cal. Jan. 23, 2012)* ……………………………………………………….....…13

*Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) ……………… 9

*Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008) ……………………… 8

*Heintze v. Wells Fargo Bank, N.A.*, 2015 WL 12696455, at *6 (C.D. Cal. June 19, 2015) ……………………………………………………………………. 13

*Holmes v. Tenderloin Housing Clinic, Inc., No. C 09–5781 PJH, 2010 WL 1929586, *3 (N.D. Cal. May 12, 2010)* ………………………………………. 13

*Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1123 (9th Cir. 1994) …………12

*Howl v. Bank of Am., N.A., No. C 11-0887 CW, 2011 WL 3610745, at *3 (N.D. Cal. Aug. 17, 2011)* …………………………………………………………14

*Intellisoft Ltd. v. Toshiba Corp.*, No. C 12-3128 PJH, 2012 WL 12904131, at *1 (N.D. Cal. Sept. 13, 2012) ……………………………………………………… 14

*Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988))..……………………… 11

*Miles, Inc. v. Scripps Clinic & Research Found.*, 951 F.2d 361 (9th Cir. 1991)... ………………………………………………………………………9, 10

*Migliori v. Boeing N. Am., Inc.*, 97 F. Supp. 2d 1001, 1011 (C.D. Cal. 2000) ...12

*Moseian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir.) (cert. denied, 469 U.S. 932 (1984)). ………………………………………………… 9

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ……………………………………………………….………... 15

*Sch. Dist. No. 1J v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)………… 8

*Sparks-Magdaluyo v. New Penn Fin., LLC*, No. 16-CV-04223-MEJ, 2017 WL 3534992, at *5 (N.D. Cal. Aug. 16, 2017) ……………………………………. 11

*Stephenson v. Chase Home Fin. LLC*, 10CV2639-L WMC, 2011 WL 2006117, *3 (S.D. Cal. May 23, 2011). …………………………………………………… 13

*Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995) ……………13

*United States v. Kubrick*, 444 U.S. 111, 113 (1979)) ……………………………9

## Motion for Reconsideration

The Plaintiff, Natasha Beckett, respectfully moves the Court to reconsider the Order of dismissal entered on December 22, 2017 because the Court committed clear error in granting the Defendant's Motion to Dismiss based on statute of limitations grounds. *See* ECF No. 17. Thus, Defendant's Motion to Dismiss should be denied.

## Introduction

Plaintiff, Natasha Beckett, filed this action on November 15, 2017. Defendant, Bank of America, then moved to dismiss the action, arguing only that the applicable statute of limitations barred the claim. On the very same day Defendant's Reply in Support of the Motion to Dismiss was filed, and only two weeks after the Motion to Dismiss was filed, the Court granted the Motion, with prejudice and dismissed the case.

Beckett's Complaint chronicles the clandestine and secretive scheme employed by Bank of America to wrongfully deny HAMP Modifications to homeowners. Beckett obtained a home loan from BOA in August 2006. In 2009, Beckett first requested a home modification, and between 2009 and 2011, she was repeatedly, and unbeknownst to her at the time, falsely told by BOA employees that she was required to be in default to be eligible for a HAMP modification and

that her modification applications were not received. She received a notice of foreclosure in August 2010, and opted to conduct a short sale or her home, which occurred in January 2011. Beckett should not have received that notice of foreclosure and should not have been forced into a short sale. Unfortunately for her, it was not until she saw an attorney advertisement and retained counsel that she learned of BOA's scheme to trick her into believing that she was not eligible for a HAMP modification—a modification that would have saved her home. BOA went to great lengths to keep its fraudulent conduct a secret. To the detriment of Ms. Beckett and thousands like her, it worked.

The Court's previous ruling dismissing the case, is clear error because it rests on a fundamental misunderstanding of the nature of Beckett's claim. Beckett's claim here is that BOA engaged in a fraudulent scheme—a series of secretive and deceptive acts—to cause her to be unable to obtain a HAMP mortgage modification. It is BOA's secretive and deceptive acts, not their result (the bankruptcy and foreclosure) that are the critical allegations to be examined by the Court in assessing BOA's statute of limitations argument. Beckett was not aware, and indeed could not have been aware, of BOA's fraudulent behavior until she first contacted her attorney about pursuing her claim because even though she was forced into a short sale of her home, she did not become aware of why— BOA's fraudulent behavior—until much later. Further, the Court's order ignores

the high standard required for dismissal of a complaint at the motion to dismiss stage—that it must be clear from the face of the complaint that no reasonable interpretation could result in the timeliness of the claim. Accordingly, Plaintiff seeks reconsideration of the Order of dismissal entered on December 22, 2017. ECF No. 17.

<h2 style="text-align:center"><u>Memorandum of Points and Authorities</u></h2>

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) *committed clear error* or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (emphasis added). Plaintiff's request is based on "clear error" in the Court's Order granting the Defendant's Motion to Dismiss, ECF No. 17.

 **a. The statute of limitations began to accrue when Beckett *discovered* BOA's fraudulent behavior, not when she suffered damages.**

A fraud claim "is not to be deemed to have accrued until the **discovery**, by the aggrieved party, **of the facts constituting the fraud or mistake**." Cal. Code Civ. Proc. § 338(d). The delayed discovery rule may be invoked to toll the statute of limitations until "**the plaintiff knows both the existence *and* the cause of his injury.**" *Darringer v. Intuitive Surgical, Inc.*, No. 5:15-CV-00300-RMW, 2015 WL 6735333, at *2 (N.D. Cal. Nov. 4, 2015) (citing *Garcia v. Brockway*, 526 F.3d

456, 465 (9th Cir. 2008) (quoting *United States v. Kubrick*, 444 U.S. 111, 113 (1979)) (emphasis added).  Further, the question of when a plaintiff "actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule" is a **question of fact for the jury**. *See Darringer*, 2015 WL 6735333 at *4 (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005)).  When an alleged wrongdoing should have been discovered "may be decided as a matter of law only when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct." *Miles, Inc. v. Scripps Clinic & Research Found.*, 951 F.2d 361 (9th Cir. 1991) (quoting *Moseian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir.) (*cert. denied*, 469 U.S. 932 (1984)).

Defendant's Motion to Dismiss and the Court's previous Order relied solely on Beckett's discovery of the existence of her injury but ignored the fact that she did not, at the time of the short sale, know the cause of her injury. *See Darringer*, 2015 WL 6735333 at *2 (requiring discovery of both the existence and the cause of the injury).  The fraudulent denial of the HAMP modification and short sale of Beckett's home were merely byproducts of the operative facts that constituted the fraud. The Court adequately addressed the discovery of the *existence* of Beckett's injury, but wholly ignored the requirement that the discovery of the *cause* of her injury was also required.  Further, Ninth Circuit case law on the discovery rule

specifically requires discovery of the fraudulent *conduct*, not the results of that conduct. *See Miles*, 951 F.2d at *2 (reversing the district court's dismissal based on statute of limitations grounds); *see also Darringer*, 2015 WL 6735333 at *2 (denying the motion to dismiss on statute of limitations grounds and determining that the complaint sufficiently alleged that the statute of limitations did not begin to accrue until the plaintiff read an online article about the connection between his injuries and the defective medical device).

In this case, the injury—wrongful denial of a HAMP modification and short sale of Beckett's home—must be distinguished from the fraudulent conduct—destruction of applications, falsely telling the plaintiff she was required to be in default in order to be eligible for a HAMP modification, and paying trial payments (TPP) into an unapplied account. Beckett knew of her injury at the time of the short sale of her home. However, she was not aware, nor could she be aware, of "the facts constituting the fraud." Cal. Code Civ. Proc. § 338(d). Until she contacted an attorney, Beckett was not aware that BOA employees were systematically destroying HAMP applications. She was also not aware that the BOA employee who told her she must be in default on her mortgage in order to be eligible for a HAMP modification was lying. Finally, she was not aware that the trial payments she was making were being placed into an unapplied account and were not being used for the purpose of helping her to secure a HAMP

modification. She was specifically told otherwise by BOA employees, who she believed.

Further, "[u]nder the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury *was caused by wrongdoing*, that someone has done something wrong to her.'" *Amacker v. Bank of Am.*, 2014 WL 4771668, at *4 (N.D. Cal. Sept. 24, 2014) (quoting *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110 (1988)). *Sparks-Magdaluyo v. New Penn Fin.*, LLC, No. 16-CV-04223-MEJ, 2017 WL 3534992, at *5 (N.D. Cal. Aug. 16, 2017) (emphasis added). This distinction is important. The statute of limitations does not begin to run when the plaintiff understands that he/she was injured but that the injury was caused by actual wrongdoing. Simply arguing, as Defendant has done, that the statute of limitations began to run when Plaintiff understood her HAMP modification would not be granted and she opted for a short sale of her home is not enough. Defendant is required to prove that Plaintiff knew that injury was caused by the wrongdoing of BOA and not simply an unfortunate situation due to the state of the economy at the time.

Finally, the Court's assertion that the MDL proceedings should have put Beckett on notice of the existence of her cause of action is, respectfully, clearly erroneous. Beckett is not an attorney, and she should not be tasked with checking

court dockets and records. *See Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1123 (9th Cir.1994) (holding that imputing knowledge was not appropriate where article and other lawsuits "were neither numerous nor notorious enough"). There was no widespread media coverage of the MDL proceedings, and Beckett had no reason to be aware of that lawsuit. *See Migliori v. Boeing N. Am., Inc.*, 97 F. Supp. 2d 1001, 1011 (C.D. Cal. 2000) (holding that "[t]he determination of whether a reasonable person would have discovered the information depends on various factors. The quality and quantity of the information or publicity are factors.").

Each of the arguments made above demonstrate that the discovery rule squarely applies to the facts of this case. However, even if the Court disagrees, that is not a determination that should be made at this stage of the litigation. Whether Beckett discovered or should have discovered BOA's fraudulent behavior is a **<u>question of fact for the jury</u>**. *See Darringer*, 2015 WL 6735333 at *4. Therefore, the motion to dismiss must be denied, as a fact finder, not the Court, is responsible for making the determination of whether the discovery rule is applicable in this case. *Id.*; *see also Cont'l Cas. Co. v. Recology Inc.*, 2016 WL 310270, at *4 (N.D. Cal. Jan. 26, 2016) (holding that the plaintiff sufficiently plead the discovery rule because determining "whether [the plaintiff] in fact acted with reasonable diligence in discovering the facts giving rise to its claims is a question that must be resolved on a fuller factual record").

**b. Dismissal on statute of limitations grounds is inappropriate where *any* reasonable interpretation of the allegations on the face of the Complaint results in the timeliness of the claim.**

Plaintiff is not required to affirmatively plead facts demonstrating the timeliness of a claim. *See F.D.I.C. v. Varrasso*, No. CV 11–2628 WBS CKD, 2012 WL 219046, *7 (E.D. Cal. Jan. 23, 2012) (stating that plaintiffs need not "plead around" defenses such as the statute of limitations); *Adobe Systems Inc. v. Christenson*, No. 2:10–cv–00422–LRH–GWF, 2011 WL 540278, *2 (D. Nev. Feb. 7, 2011) ("because the statute of limitations is an affirmative defense which the defendant has the burden of pleading and proving, a plaintiff need not affirmatively plead facts showing the absence of such a defense in order to state a claim"). While plaintiffs are required to allege specific facts establishing the applicability of the discovery rule, "there is no requirement that a plaintiff specifically allege when the cause of action accrued—that is the defendant's responsibility if it wishes to raise a limitations defense." *California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1407 (9th Cir. 1995)).

Further, because the applicability of equitable tolling depends on matters outside the complaint, "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995). A Motion to Dismiss should not be granted unless it appears beyond doubt that the plaintiff can

prove no set of facts that would establish the timeliness of the claim." *Id.* Any reasonable interpretation of the complaint that would make the claim timely warrants denial of the motion to dismiss. *See Heintze v. Wells Fargo Bank, N.A.*, 2015 WL 12696455, at *6 (C.D. Cal. June 19, 2015); *see also Stephenson v. Chase Home Fin. LLC*, 10CV2639-L WMC, 2011 WL 2006117, *3 (S.D. Cal. May 23, 2011) (denying motion to dismiss a TILA claim where "the expiration of the statute of limitations [did] not appear on the face of the complaint"); *Holmes v. Tenderloin Housing Clinic, Inc.*, No. C 09–5781 PJH, 2010 WL 1929586, *3 (N.D. Cal. May 12, 2010) (because "it [was] not clear from the complaint when plaintiff first knew that the union was not going to pursue his claim to arbitration, or what happened after SEIU Local 1021 filed the grievance," dismissal on limitations grounds was inappropriate).

      Here, Beckett's Complaint specifically alleges that the fraudulent scheme implemented by Bank of America was clandestine and secretive. Indeed, the testimony of multiple BOA employees reveals that they were tasked with destroying HAMP applications and misrepresenting the status of the modification application. There is absolutely no evidence that Beckett had any knowledge of any of BOA's fraudulent conduct prior to contacting her attorney.

### c. In the alternative, Beckett should be given the opportunity to amend her complaint to allege additional facts supporting the discovery rule.

Finally, while Beckett has included facts sufficient to support the application of the discovery rule, if the Court finds otherwise, Beckett should be given leave to amend her Complaint. *See e.g.*, *Intellisoft Ltd. v. Toshiba Corp.*, No. C 12-3128 PJH, 2012 WL 12904131, at *1 (N.D. Cal. Sept. 13, 2012) (granting motion to dismiss "with leave to amend to allege facts showing that the running of the statute was tolled based on application of the discovery rule"); *Howl v. Bank of Am., N.A.*, No. C 11-0887 CW, 2011 WL 3610745, at *3 (N.D. Cal. Aug. 17, 2011) (granting "leave to amend to plead facts supporting application of the delayed discovery rule"). As mandated by Fed. R. Civ. P. 15 courts "should freely give leave [to amend] when justice so requires." This policy should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

## Conclusion

WHEREFORE, the Plaintiff respectfully requests that the Court reconsider the Order of dismissal entered on December 22, 2017 because the Court committed

clear error in granting the Defendant's Motion to Dismiss based on statute of limitations grounds, for all of the reasons stated above.

DATED: 1/11/2018          Respectfully submitted,

AYLSTOCK, WITKIN, KREIS, & OVERHOLTZ, PLLC

By: *s/ Sin-Ting Mary Liu*
SIN-TING MARY LIU, Bar No. 282884
875-A Island Drive #144
Alameda, CA 94502
Phone: 510-698-9566
Fax: 760-304-8933
mliu@awkolaw.com
jlindsey@awkolaw.com

ATTORNEYS FOR PLAINTIFF